IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| DEBORAH L. MCKENNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-246 |
| | ) | |
| JAYESH G. PATEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of "Defendants' Motion to Dismiss" [doc. 4]. Plaintiff has filed a response [doc. 8]. Oral argument is unnecessary, and the motion is ripe for the court's determination. For the reasons stated herein, the motion will be granted, and this case will be dismissed.

I.

*Background*

On November 16, 2009, plaintiff, along with two other individuals, filed a complaint against Jayesh Patel individually and d/b/a River Bend Inn, Regency Inn, Inc., and Park Grove Inn, Inc. They brought suit on behalf of themselves and others similarly situated for alleged violation of the Fair Labor Standards Act ("FLSA"). The complaint alleged that plaintiff McKennon was employed as a desk clerk from June 27, 2007, through June 9, 2009, at the River Bend Inn. The plaintiffs contended that they were not paid overtime wages as

required by the FLSA. There were also allegations in the complaint concerning defendants making cash payments to the plaintiffs without the required federal withholding deductions.

> 22. For some overtime hours worked, Defendants paid Plaintiffs and all others similarly situated their straight time rate in cash without required federal withholding deductions (federal income taxes, social security taxes, and medicare taxes), and failed to pay them their overtime rate.
>
> 23. Defendants' payments of cash to Plaintiffs and all others similarly situated without required federal withholding deductions was and is in violation of law, including the Internal Revenue Code and Treasury Department regulations.

The first case never reached the stage of having a representative class conditionally certified because on March 3, 2010, an offer of judgment was submitted by defendants to the plaintiffs' counsel. On March 5, 2010, a notice of acceptance of offer of judgment, along with a copy of the offer of judgment signed and dated by all three individual plaintiffs, was filed with the court. The Clerk of the court entered judgment on April 27, 2010, and a satisfaction of judgment was filed on April 30, 2010.

Barely a month later, on June 2, 2010, McKennon alone filed the present lawsuit against Jayesh Patel and Jyotiben Patel (Jayesh's wife), individually and d/b/a River Bend Inn, and Regency Inn, Inc. The complaint references that plaintiff was employed by Patel and/or Regency as a desk clerk from June 27, 2007, to June 9, 2009, at the River Bend Inn. The complaint represents that the Patels own, manage, and operate the River Bend Inn.

2

The current complaint also contains allegations that the plaintiff and another desk clerk, Jon Brown, were not paid for overtime and that they received straight pay in cash.

> 20. For some overtime hours worked, Defendants paid McKennon and Brown their straight time rate in cash without required withholding deductions (federal income taxes, social security taxes, and medicare taxes), and failed to pay them their overtime rate.
>
> 21. Defendants had a plan, policy, and/or pattern and practice of paying its non-exempt employees their straight time rate by cash without required federal withholding deductions for some overtime hours worked, and failing to pay them their overtime rate.

Jon Brown was a plaintiff in the first lawsuit that was settled.

Also according to the allegations in the second complaint, McKennon informed the U.S. Department of Labor about this practice, which ultimately led to a confrontation with the Patels and her dismissal. Plaintiff therefore assets a claim for retaliatory discharge under the FLSA, the Tennessee Public Protection Act, and Tennessee common law. Plaintiff's retaliatory discharge claims under Tennessee law also involve her contention that she was fired because she would not remain silent about the Patels' false advertising of room rates.

Now before the court is defendants' motion to dismiss, in which defendants argue that the current lawsuit should be dismissed based on the doctrine of *res judicata*.

II.

*Standard of Review*

Defendants' motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In resolving a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters*, 502

F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555)).

In addressing a motion under Rule 12(b)(6), the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Gee v. UnumProvident Corp.*, No. 1:03-CV-147, MDL 1:03-MD-1552, 2005 WL 534873, at *7 (E.D. Tenn. Jan. 13, 2005) ("[I]f documents are attached to, incorporated by, or specifically referred to in the complaint, they are considered part of the complaint and the Court may consider them.") (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

III.

*Analysis*

Defendants contend that the claims raised in plaintiff's current lawsuit are barred by the doctrine of *res judicata*. "Tennessee recognizes the traditional doctrine of *res judicata*, which is a claim preclusion doctrine that promotes finality in litigation. The doctrine bars a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former

suit." *Calaway v. Schucker*, 395 F. App'x 251, 254 (6th Cir. 2010) (internal quotation marks and citations omitted). "Claim preclusion operates as an absolute bar to any subsequent action between the same parties with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been present." *Linson v. BWXT Y-12, L.L.C.*, No. 3:08-CV-82, 2008 WL 4452451, at *3 (E.D. Tenn. Sept. 29, 2008) (quoting *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994)).

"Parties asserting a res judicata defense must demonstrate (1) that a court of competent jurisdiction rendered the prior judgment, (2) that the prior judgment was final and on the merits, (3) that both proceedings involved the same parties or their privies, and (4) that both proceedings involved the same cause of action." *Gerber v. Holcomb*, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006) (quoting *Young v. Barrow*, 130 S.W.3d 59, 64 (Tenn. Ct. App. 2003)); *see also Calaway*, 395 F. App'x at 254. "The primary purposes of the doctrine are to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009) (citations omitted).

**Application of *Res Judicata* Factors**

Plaintiff accepts that the offer of judgment accepted by the plaintiff and the final judgment entered by this court have the same effect as a judgment on the merits for *res judicata* purposes. Indeed, a consent judgment does have *res judicata* effect.

> [A] consent judgment operates as *res adjudicata* to the same extent as a judgment on the merits. Much like a judgment on

>the merits, an agreed judgment of dismissal in settlement of a controversy is conclusive, not only on the matters actually raised and litigated, but it is also conclusive on every other matter that could have been litigated and decided as an incident to or essentially connected with the subject matter of the prior litigation.

*Gerber v. Holcomb*, 219 S.W.3d 914, 917-18 (Tenn. Ct. App. 2006) (quotation marks and citations omitted). Therefore, the first two elements have been met.

As to the third factor, defendant states that there is one new party, Jyotiben Patel, the wife of defendant Jayesh G. Patel. Jayesh was a defendant in the first case. Plaintiff points out that this new defendant was not in the first lawsuit, which also had three named plaintiffs, so the parties are not the same. The significant consideration here, however, is the identity of the defendants in this case in comparison with those in the first lawsuit. McKennon is the only plaintiff who chose to file a second suit, so the analysis focuses on the defendants in both cases.

The fact that Jyotiben Patel was not a party to the first lawsuit does not mean the third factor has not been met. This factor requires the same parties or *their privies* be involved in both lawsuits. Neither party makes this argument; yet it is conclusive as to this factor. "The words 'privy' and 'privity' do not necessarily have the same meaning in the context of res judicata as they do in the context of contractual relationships." *Acuity v. McGhee Eng'g, Inc.*, 297 S.W.3d 718, 735 (Tenn. Ct. App. 2008). "In the context of res judicata, the term 'privity' does not denote relationships between the parties themselves, but rather concerns a shared identity of interests relating to the subject matter of the litigation."

7

*Edwards v. City of Memphis*, No. W2007-02449-COA-R3-CV, 2009 WL 2226222, at *3 (Tenn. Ct. App. July 27, 2009) (internal quotation marks and citations omitted); *see also Harris v. St. Mary's Med. Ctr., Inc.*, 726 S.W.2d 902, 905 (Tenn. 1987). "In other words, privity is not established by parties being legally connected, either by contract, blood, or some other means, but rather whether they can claim the same legal rights asserted to the subject matter." *Suntrust Bank v. Stoner*, No. 3:07-cv-397, 2009 WL 998403, at *2 (E.D. Tenn. Apr. 14, 2009) (citations omitted).

In the second complaint, Jyotiben Patel is identified along with her husband as plaintiff's employer. They are both also identified as persons who managed, supervised and directed the day-to-day business affairs of the River Bend Inn where plaintiff was employed as a desk clerk. Thus, Jyotiben was connected to plaintiff's employment in both lawsuits and therefore has an identity of interest, "that is, a mutual or successive interest to the same rights." *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000). Therefore, the third factor has been met.

The fourth and final factor requires a showing that both cases involve the same cause of action. Defendants contend that this fact has been established already simply because when the second lawsuit was filed the court, through a magistrate judge, found the two cases similar and therefore assigned the second case to the undersigned. Defendants are mistaken. An evaluation made pursuant to Local Rule 3.2(d)(3) to determine whether cases are related is a function of the court's internal case assignment procedures only and has no

binding precedential effect for *res judicata* purposes. The court, therefore, will look to applicable legal authority to determine whether this fourth factor has been met.

In *Creech v. Addington*, 281 S.W.3d 363, 379 (Tenn. 2009), the Tennessee Supreme Court adopted the "transactional" standard set out in the Second Restatement for determining whether for *res judicata* purposes two proceedings constitute the same cause of action. "Under the transactional approach adopted in *Creech*, the concept of a transaction is . . . used in the broad sense, and connotes a natural grouping or common nucleus of operative facts." *Roberts v. Vaughn*, No. W2008-01126-COA-R3-CV, 2009 WL 1608981, at *7 (Tenn. Ct. App. June 10, 2009) (internal quotation marks and citations omitted). The transactional standard is defined as follows:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim . . ., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

*Creech*, 281 S.W.3d at 379 (quoting Restatement (Second) of Judgments § 24(1) (1982)). "Two suits, therefore, shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or a series of connected transactions." *Id*. at 381.

The Tennessee Supreme Court in *Creech* noted that for purposes of *res judicata* the term "transaction" "is intended to be analogous to the phrase 'transaction or occurrence' as used in the Federal Rules of Civil Procedure." *Id*. at 380.

9

> The Sixth Circuit applies a "logical relationship" test to determine whether claims arise out of the same "transaction or occurrence" as the phrase is used in the federal rule on compulsory counter-claims. Under this approach, claims arise out of the same transaction or occurrence if the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims.

*Roberts*, 2009 WL 1608981, at *7 (internal quotation marks and citations omitted).

The fourth factor has also been met in this case because both lawsuits arise from the same series of connected transactions. Both lawsuits concern allegations regarding a failure to pay plaintiff overtime and improperly paying wages in cash in violation of the FLSA. The complaints include allegations pertaining to plaintiff's employment as a desk clerk at the River Bend Inn from June 27, 2007, through June 9, 2009. The first complaint references plaintiff's employment dates, so she clearly had been terminated prior to its filing, and her retaliatory discharge claim was known at that time. In addition, Jon Brown, the desk clerk whose overtime pay plaintiff alleges she sought from the Patels, which resulted in her termination, was a plaintiff in the first lawsuit. Thus, all of the events surrounding plaintiff's termination as alleged in the second complaint were known to her when the first lawsuit was filed. These events are all based on the same "series of connected transactions," and therefore involve the same cause of action.

Plaintiff argues that the retaliatory discharge claims could not have been brought in the first lawsuit because it was a representative action. That is incorrect. The lawsuit was brought by the three plaintiffs "themselves" and on behalf of others. The

individual plaintiffs could have asserted individual claims, a practice that is done in FLSA cases. *See Bowman v. Crossmark*, No. 3:09-CV-16 (E.D. Tenn.) (original plaintiff brought individual claims based on state and federal law; opt-in plaintiff allowed to amend complaint to add state law claims); *O'Neal v. Kilbourne Med. Labs., Inc.*, No. 05-50, 2007 WL 956428 (E.D. Ky. Mar. 28, 2007) (original complaint asserting only FLSA claim amended to include claims for retaliatory discharge, wrongful discharge, and breach of promise); *Coats v. Nashville Limo Bus, LLC*, No. 3-10-0759, 2011 WL 308403 (M.D. Tenn. Jan. 27, 2011) (complaint for "collective action" under FLSA also included claim for retaliatory discharge under FLSA).

The doctrine of *res judicata* applies to bar not only claims that have been litigated but also all claims that "could have been litigated in the former suit." *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987). Plaintiff could have brought her retaliatory discharge claims in the first lawsuit. All the pertinent facts were known to her at that time, and she could have pursued her individual claims in that case. The fact that it was a "collective action" is not dispositive, as individual and state law claims can be included in such an FLSA lawsuit when the claims involve the same operative facts, like in this case.

Furthermore, the first complaint was brought by the plaintiffs as individuals and as representatives of others similarly situated. However, the case never reached the conditional class certification stage because the plaintiffs settled their personal individual claims before a motion for conditional certification was ever filed. Thus, all of the factors

for a finding of *res judicata* have been met, and all of the claims in plaintiff's second lawsuit are accordingly barred.

IV.

*Conclusion*

Therefore, for the reasons stated herein, defendants' motion to dismiss will be granted, and plaintiff's complaint will be dismissed. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan        
United States District Judge